## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JEREMY S. MOGEL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:21-cv-01650 |
| THE BEST SERVICE COMPANY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

**NOW COMES** Jeremy S. Mogel ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of The Best Service Company ("Defendant") as follows:

#### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and Defendant maintains significant business contacts in the Southern District of Texas.

#### PARTIES

5.      Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided

1

in the Southern District of Texas.

6.      Defendant is a third-party debt collection agency with its principal place of business located at 6700 South Centinela Avenue, Floor 3, Culver City, California 90230.

7.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

### FACTS SUPPORTING CAUSES OF ACTION

8.      Prior to the conduct giving rise to this cause of action, Plaintiff incurred a personal debt with Bank of the West ("subject debt").

9.      Due to financial difficulty, Plaintiff was unable to make payments and defaulted on the subject debt.

10.     Defendant acquired the rights to collect upon the subject debt after it was in default.

11.     On May 6, 2021, Defendant placed two calls to Plaintiff's employer. During these calls Defendant stated it was placing a collection call.

12.     The work phone number Defendant called went directly to Plaintiff's boss rather than Plaintiff.

13.     Plaintiff's boss was concerned and called Defendant to inquire as to the reason for the phone calls.

14.     Defendant informed Plaintiff's boss that it was looking for Plaintiff and that it was attempting to collect upon the subject debt.

15.     Plaintiff's boss stated that Defendant could not reach Plaintiff at the work phone number because Plaintiff is an employee in a different state.

16.     Plaintiff's boss then texted Plaintiff to inform him of the phone calls and ask that

Plaintiff prevent Defendant from placing future phone calls to the work phone number.

17.     Plaintiff was extremely embarrassed and upset because he *never* provided his work phone number to Defendant, and the calls that Defendant placed reflected poorly on him as an employee.

18.     Plaintiff immediately called Defendant and asked why they called his employer.

19.     Defendant's representative apologized and stated the work phone number was the only number they had on file for Plaintiff.

20.     Plaintiff was perplexed because the original creditor, Bank of the West, had Plaintiff's personal contact information, and upon information and belief, supplied Plaintiff's personal contact information to Defendant.

21.     Plaintiff then demanded that Defendant stop calling his work phone number.

22.     Defendant used the phone number (877) 237-8500 to place phone calls to Plaintiff's work phone number, but upon information and belief, it may have used additional phone numbers to contact Plaintiff.

**DAMAGES**

23.     Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

24.     Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

25.     Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

26.     Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, embarrassment, invasion of privacy, nuisance,

intrusion upon and occupation of Plaintiff's work telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

27.     Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29.     The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30.     Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32.     Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33.     Defendant violated 15 U.S.C. §§1692b(2) b(3), c(a)(3), e, e(10), and f through its unlawful debt collection practices.

**a. Violations of FDCPA §1692b**

34.     Defendant violated §1692b(2) when it informed Plaintiff's boss that Plaintiff owed a debt. Despite knowing that it was contacting a third party, Defendant disclosed private information about Plaintiff's debt to his employer. Defendant's disregard for Plaintiff's privacy only served to embarrass him in hopes that he would make a payment on the subject debt to

prevent future calls to his employer.

35. Defendant violated §1692b(3) when it contacted Plaintiff's employer more than once without being requested to do so. These phone calls reflected poorly on Plaintiff, as his employer was extremely unhappy that Defendant was attempting to call him at a work phone number that did not even belong to him.

**b. Violations of FDCPA §1692c**

36. Defendant violated §1692c(a)(3) when it called Plaintiff's employer and attempted to collect upon the subject debt. The phone number Defendant called did not even belong to Plaintiff, but Defendant called anyway and disclosed to Plaintiff's boss that Plaintiff owed a debt. Defendant's behavior only served to embarrass Plaintiff in hopes that he would make a payment on the subject debt to deter future phone calls to his employer.

**c. Violations of FDCPA §1692e**

37. Defendant violated §§1692e and e(10) by engaging in false, deceptive, and misleading conduct in its attempt to collect on the subject debt. Specifically, Defendant misleadingly and deceptively represented that it could call Plaintiff at work and share private information about the subject debt with his employer. Defendant knew or should have known that it could not call a third party, including Plaintiff's employer, without consent to do so.

**d. Violations of FDCPA §1692f**

38. Defendant violated §1692f by using unfair and unconscionable means in an attempt to collect the subject debt. It was unfair and unconscionable for Defendant to call Plaintiff's employer and disclose that he owed a debt. Defendant's disclosure of private information demonstrated a blatant disregard for Plaintiff's privacy. The phone calls and subsequent

disclosure that Plaintiff owed a debt both reflected poorly on Plaintiff in the eyes of his employer, and Plaintiff was reprimanded for Defendant's unconscionable collection conduct.

39.     Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40.     As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JEREMY S. MOGEL respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41.     Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43.     Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

44.     The alleged subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 391.302

45.     The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not collect a debt by "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

46.     As discussed above, Defendant violated the TDCA when it falsely and deceptively represented that it could contact Plaintiff's employer and disclose private information such as the fact that Plaintiff owed a debt. Defendant's deceptive and unfair conduct only served to embarrass Plaintiff so that he would make a payment on the subject debt to prevent future phone calls to his employer.

47.     Upon information and belief, Defendant systematically attempts to collect alleged debts from Texas citizens through harassing and abusive conduct and has no procedures in place to assure compliance with the TDCA.

48.     As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, JEREMY S. MOGEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 19, 2021

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com